UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD BLANK, ESQ., as Personal Representative of the ESTATE OF MARIELIS GONZALEZ, et al., <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 19-11855-JCB ) ) ) ) ) ) |

ORDER ON JOINT PETITION FOR APPROVAL OF
SETTLEMENT AND DISTRIBUTION OF SETTLEMENT PROCEEDS
[Docket Nos. 159, 168]

January 5, 2022

Boal, M.J.

The parties have jointly moved this Court to approve their Stipulation for Compromise Settlement and Release (the "Settlement Agreement"). Docket Nos. 159, 168. This court held a hearing on the petition on January 3, 2022. For the following reasons, I approve the settlement.

I.      BACKGROUND

Plaintiffs Richard Blank, as personal representative of the estate of Marielis Gonzalez, Andy Napoleonis, for himself and as next friend of A.N., and Melissa Coury, as guardian ad litem of J.B., brought this suit against the United States of America, pursuant to the Federal Tort Claims Act (the "FTCA"). The Plaintiffs alleged that Drs. Caroline Pahk and Nsa Henshaw, employees of DotHouse Health ("DotHouse"), a federally funded health clinic, committed medical malpractice by failing to properly evaluate and timely diagnose Ms. Gonzalez's breast

1

cancer, resulting in her death.

A bench trial was held before this Court on March 8-17, 2021.[1] On September 3, 2021, I issued Findings of Fact and Conclusions of Law, finding for the Plaintiffs and awarding damages in the total amount of $4,443,486.07 (the "Damages Award"). Docket No. 147. This Court directed the parties to submit a proposed judgment. Id. at 35. In connection with those filings, the government raised a potential issue regarding J.B.'s portion of the Damages Award.

This Court awarded J.B. $200,000 for loss of consortium during the life of Marielis Gonzalez. It also awarded loss of protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice (the "post-death loss of consortium") to the Estate of Marielis Gonzalez in the total amount of $2 million, of which $1 million was allocated for J.B.'s post-death loss of consortium. The government argued that J.B.'s total damages award was therefore $1.2 million, which was over the $1 million cap established by her administrative claim under the FTCA.[2] See Docket No. 151 at 2, n. 1. The Plaintiffs, on the other hand, argued that J.B's damages award was only $200,000, as the post-death loss of consortium damages were awarded to the estate of Marielis Gonzalez. See id.

This Court held a status conference on September 29, 2021. Subsequently, the parties conferred and entered into the Settlement Agreement. Docket No. 164. Pursuant to the Settlement Agreement, Plaintiffs have accepted $3,800,000 in full and final settlement of their claims against the United States. See Docket No. 164 at 1-2. Because the Settlement Agreement

---

[1] All parties consented to the exercise of jurisdiction by a United States Magistrate Judge for all purposes and the case was reassigned to the undersigned on January 28, 2020. Docket Nos. 22, 23.

[2] Under the FTCA, damages are generally limited to what was listed in the administrative claim. See Reilly v. United States, 863 F.2d 149, 173 (1st Cir. 1988).

implicates the interests of minor plaintiffs, the parties have filed the instant petition seeking approval of the Settlement Agreement.

II.     DISCUSSION

"The 'law of the place' provides the substantive rules to be used in deciding FTCA actions." Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2005) (citing 28 U.S.C. § 1346(b)(1)). Courts have generally applied this rule to the approval of settlements involving minors. See, e.g., Reo v. U.S. Postal Serv., 98 F.3d 73, 76 (3rd Cir. 1996) (invalidating settlement of minor's FTCA claim because no court had approved the settlement as required by New Jersey law); see also Hernandez v. United States, No. 3:19-cv-1457-AHG, 2020 WL 6044079, at *2 (S.D. Cal. Oct. 13, 2020) (citations omitted) ("Because FTCA claims are governed by substantive state law, approval of their settlement may be governed by state law. . .").

The phrase "law of the place" refers to the law of the state in which the allegedly tortious acts or omissions occurred, in this case, Massachusetts. Bolduc, 402 F.3d at 56 (citations omitted). Here, the parties agree that this Court must apply Massachusetts law for purposes of deciding this motion. Docket No. 159 at 3. Under Massachusetts law, "[t]he trial court may review and approve a settlement for damages because of personal injury to a minor or incompetent person in any case before the court where any party has filed a petition for settlement approval signed by all parties." M.G.L. c. 231, § 140C ½. The court should approve the settlement if it is in the best interests of the minor plaintiffs. See Nawn v. State Indus., Inc., 6 Mass. L. Rptr. 221, at *2 (Mass. Super. Dec. 23, 1996).[3]

---

[3] Similarly, under federal law, a district court considering a settlement agreement with a minor plaintiff must consider whether the settlement provisions as to each plaintiff are fair and

3

After review of the Settlement Agreement, the parties' submissions, as well as the arguments made at the January 3, 2022 hearing, I find that the Settlement Agreement is fair and reasonable and in the best interests of the minor plaintiffs. Pursuant to the Settlement Agreement, the Plaintiffs will receive a sum of money that is approximately equal to the Damages Award minus (1) the $400,000 setoff to which the United States is entitled due to the BMC settlement; and (2) the $200,000 portion of J.B.'s award for which there is a dispute regarding her entitlement in light of her administrative claim. The proposed settlement allows for the certainty of recovery for the minor plaintiffs, as opposed to the uncertainty associated with additional post-trial motion practice and potential appeals.

This Court also finds that the proposed award of attorney's fees, equal to 25% of the total settlement proceeds, is fair and reasonable in light of the time and labor required in the case, the Plaintiffs' Contingent Fee Agreements, the skill required to perform the necessary legal services, the results obtained, and the experience, reputation, and ability of the Plaintiffs' lawyers. Counsel's proposed recovery of their expenses is also reasonable. In addition, the proposed allocation of the settlement proceeds, based on each Plaintiffs' pro rata share of the Damages Award is appropriate under the circumstances.

Finally, the parties have proposed that A.N. and J.B.'s settlement proceeds be placed in trust for each minor. Docket No. 159 at 6. Pursuant to the Declaration of Trusts, an independent trustee may, from time to time, and in his absolute discretion, make payments for A.N. and J.B.'s health, support in reasonable comfort, education, enjoyment, best interests, and welfare. See Docket No. 159-4 at 2; Docket No. 159-5 at 2. Courts have found similar arrangements

---

reasonable. See Disability Law Center v. Massachusetts Dept. of Correction, 960 F. Supp. 2d 271, 280 (D. Mass. 2012) (citing Robidoux v. Rosengreen, 638 F.3d 1177, 1179 (9th Cir. 2011)).

appropriate and in a minor's best interests.  See, e.g., Calvert v. General Acc. Ins. Co., No. CIV. A. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000) (placing settlement proceeds in trust for each minor plaintiff serves their best interests); Thomas v. City of New York, No. 92-CV-1316, 1995 WL 519991, at *5 (E.D.N.Y. Aug. 4, 1995) (conditioning approval of settlement upon creation of trust accounts on behalf of minor plaintiffs).

Accordingly, I approve the Settlement Agreement.

III.  ORDER

For the foregoing reasons, I grant the parties' joint petition for approval of their Settlement Agreement.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge